PRIMER LONG, JR. v. STATE OF NORTH CAROLINA DEPARTMENT OF HUMAN
RESOURCES, DIVISION OF CHILD DEVELOPMENT

No. COA00-439

(Filed 17 July 2001)

### Juveniles— child care provider—disqualification for criminal record—judicial review—APA inapplicable

The district court erred by partially transferring jurisdiction to the Office of Administrative Hearings to review the disqualification of petitioner as a child care provider under N.C.G.S. § 110-90.2(a)(2) on the basis of a criminal record, because: (1) N.C.G.S. § 110-90.2(d) provides an adequate judicial remedy described in N.C.G.S. § 150B-43 which removes this procedure from the North Carolina Administrative Procedure Act (APA); and (2) N.C.G.S. § 110-90.2(d)9 establishes that the district court is the proper forum for a challenge of the respective decision, and there is no authority for the trial court to utilize the APA or in any way transfer or delegate the jurisdiction so established.

Appeal by respondent from judgment entered 18 August 1999 by Judge Elaine M. O'Neal in Durham County District Court. Heard in the Court of Appeals 14 March 2001.

*Attorney General Michael F. Easley, by Assistant Attorney General Becky A. Beane for the State.*

*North Carolina Central University School of Law Legal Clinic by Grady Jessup for the Petitioner-Appellee.*

THOMAS, Judge.

Respondent, the North Carolina Department of Health and Human Services, Division of Child Development, appeals from a partial transfer of jurisdiction from the trial court to the Office of Administrative Hearings. The action before the trial court concerned the disqualification of petitioner, Primer Long, Jr., as a child care provider. Respondent sets forth one assignment of error. For the reasons discussed herein, we reverse the trial court.

The facts are as follows: Petitioner was employed as a cook at Bright Horizons Children Center, a child care facility. In that position, he was a child care provider as defined by N.C. Gen. Stat.

§ 110-90.2(a)(2). Pursuant to section 110-90.2(b), petitioner was therefore subject to a mandatory criminal history investigation. He allegedly submitted the required information for the background check in November 1997, with the investigation uncovering a 1987 conviction for taking indecent liberties with a child. Respondent thereafter, under the authority of section 110-90.2(b), disqualified petitioner on or about January 1999 to serve as a child care provider. Petitioner then filed a "Petition for Judicial Review" in Durham County District Court on 1 March 1999, requesting the reversal of respondent's decision finding petitioner unfit to provide child day care services and to award back pay. Hearings were held by the trial court on 24 May 1999, 28 May 1999 and 19 July 1999.

No witnesses testified and no evidence was taken during the hearings regarding petitioner's fitness to serve as a child care provider. Instead, the trial court focused on arguments of counsel as to the applicable standard of review and whether the North Carolina Administrative Procedure Act (APA) applied.

In its order, the trial court found that the action was governed by the APA and directed petitioner's appeal to be conducted pursuant to the provisions of the APA instead of section 110-90.2. The trial court retained jurisdiction for the "limited purpose of ensuring the mandates of the court's order [were] carried out."

By respondent's only assignment of error, it argues the trial court erred by applying the provisions and procedures of the APA to the case *sub judice* instead of section 110-90.2. We agree.

The APA, found in Chapter 150B of the General Statutes, establishes a uniform system of adjudicatory procedures for state agencies. N.C. Gen. Stat. § 150B-1(a) (1999). Under section 150B-22, preference is given to settlement of a contested case by informal administrative means. If that is not achieved, either party may petition for a hearing before an administrative law judge pursuant to section 150B-23. Only after that hearing, after exhausting all administrative remedies, is a party aggrieved by the final decision in a contested case allowed to seek judicial review. Section 150B-43 provides that a petitioner who has exhausted all administrative remedies "is entitled to judicial review of the decision under [Article 4 of the APA], unless adequate procedure for judicial review is provided by another statute, in which case the review shall be under such other statute." N.C. Gen. Stat. § 150B-43 (1999).

Where adequate procedures are not established by another statute, section 150B-45 requires the person seeking judicial review to file the action either in Wake County Superior Court or in the superior court where that person resides. N.C. Gen. Stat. § 150B-45 (1999). As a state agency not specifically excluded by the APA, respondent ordinarily falls within the purview of the act and must comply with its procedures. *See* N.C. Gen. Stat. § 150B-1(c) (1999). Accordingly, the initial inquiry must be whether there is adequate procedure for judicial review provided by another statute, or whether specifically, or by default, the procedure for administrative hearings under these facts applies. The test is objective, looking at the text of the statutes for direction.

It is the domain of the legislature, consistent with the state and federal constitutions, to determine which courts or administrative bodies have jurisdiction at different points in the appeal process. "The regulation of access to the courts is largely a legislative task and one that courts should hesitate to undertake. For this reason, implied rights of action are disfavored and will not be found in the absence of clear legislative intent." *Smith v. Reagan*, 844 F.2d 195, 201 (4th Cir. 1988), *cert. denied*, 488 U.S. 954, 102 L. Ed. 2d 379 (1988).

Section 110-90.2(d) requires respondent to provide notification in writing to the child care provider and the employer whether the person is qualified to provide child care based on the person's criminal history. N.C. Gen. Stat. § 110-90.2(d) (1999). It also requires respondent to notify the provider "of the procedure for completing or challenging the accuracy of the criminal history and the child care provider's right to contest the Department's determination in court." *Id.* Section 110-90.2(d) then specifically details the procedure and proper jurisdictional authority by stating, "[a] child care provider who disagrees with the Department's decision may file a civil action in the district court of the county of residence of the child care provider within 60 days after receiving written notification of disqualification." *Id.*

A sample "NOTICE" is included in section 110-90.2(c) with a requirement that one substantially similar be sent to the child care provider. Specifically, the sample notice states "[i]f you disagree with the determination of the North Carolina Department of Health and Human Services on your fitness to provide child care, you may file a civil lawsuit within 60 days after receiving written notification of disqualification in the district court in the county where you live." N.C. Gen. Stat. § 110-90.2(c) (1999). In the instant case, that is

the procedure followed by petitioner with respondent timely filing an answer.

Rather than ruling on the merits, however, the trial court delegated or transferred part of its jurisdiction. First, the court found as a fact that the APA governed "the Agency's duties and Petitioner's rights and privileges regarding any action taken by the Agency pursuant to the enforcement of N.C. Gen. Stat. § 110-90.2 (1997)." The trial court then ordered the agency itself to attempt a settlement of the matter with petitioner. Finally, if resolution were not reached, the court ordered that either party may file a petition with the Office of Administrative Hearings for a formal hearing. The trial court retained jurisdiction only for the limited purpose of ensuring compliance with its mandates.

Section 110-90.2(d) clearly provides a different, adequate judicial remedy, however. It is the "other statute" described in section 150B-43, which removes it from the procedures of the APA. Moreover, if 110-90.2(d) did not exist, or were somehow considered inapplicable, the district court would have no jurisdiction. It is the superior court, not district, that has ultimate jurisdiction concerning appeals or review under the APA.

In the matter at hand, the district court does have jurisdiction because the legislature's wording of section 110-90.2(d) establishes it as the proper forum for a challenge of the respective decision. Since the district court is the legislature's choice of forum, and since there is no constitutional prohibition of that choice, the next inquiry is whether the statutory scheme gives the trial court discretion to transfer its jurisdiction. Within section 110-90.2(d), there is no authority for the trial court to utilize the APA or in any way transfer or delegate the jurisdiction so established. The matter, therefore, was appropriately in the district court. However well-intentioned the trial court's belief as to what constitutes better practice, the district court is required to retain jurisdiction for the hearing of motions as well as for any hearing on the merits.

Accordingly, we find the partial transfer of jurisdiction ordered by the trial court to be error. We reverse and remand for appropriate hearing on the merits.

REVERSED AND REMANDED.

Judges WYNN and McGEE concur.